### KLEE et al. v. GRANT, Sheriff.

(Common Pleas of New York City and County, General Term.     February 6, 1893.)

REPLEVIN—WHO MAY MAINTAIN.

> A retail merchant, who orders and receives goods from a wholesale dealer for the purpose of comparison with goods in stock, with the understanding that he will purchase them if found suitable, has a right to their possession until demand is made for their return; and, in the absence of such demand, the wholesale dealer cannot maintain replevin for such goods against the sheriff who seized them on attachment as the property of the retail merchant, since Code Civil Proc. § 1690, subd. 3, provides that replevin may not be maintained for a chattel seized by virtue of a warrant of attachment against the property of a person other than plaintiff, if at the time of the seizure the plaintiff had not the right to reduce it into his possession. 17 N. Y. Supp. 845, affirmed.

Appeal from city court, general term.

Replevin by Jacob Klee and others against Hugh J. Grant, as sheriff, etc. From a judgment of the general term of the city court (17 N. Y. Supp. 845) entered on the dismissal of the complaint, plaintiffs appeal. Affirmed.

The goods were seized by defendant as sheriff, under a writ of attachment against the property of Maier Rothschild, a retail dealer, who had ordered the goods from plaintiffs, who are wholesale dealers.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Sampter & Bloomfield, (Samuel Fleischman, of counsel,) for appellants.

At the time of the seizure by the defendant, the plaintiffs had the right to reduce the property into their possession. Willis v. O'Brien, 35 N. Y. Super. Ct. 536; Clark v. Skinner, 20 Johns. 465; Hall v. Tuttle, 2 Wend. 476; Lotan v. Cross, 2 Camp. 464; Marshall v. Davis, 1 Wend. 109; Dunham v. Wyckoff, 3 Wend. 280; Cary v. Hotailing, 1 Hill, 311; Putnam v. Wyley, 8 Johns. 337; Thorp v. Burling, 11 Johns. 285; Aikin v. Buck, 1 Wend. 466; Root v. Chandler, 10 Wend. 110; Payne v. Batterson, 22 Wkly. Dig. 109; Ely v. Ehle, 3 N. Y. 506; Cole v. Mann, 62 N. Y. 1; Davis v. Morrell, 16 Wkly. Dig. 530; Herring v. Hoppock, 15 N. Y. 409; Rogers v. Weir, 34 N. Y. 463; Nash v. Weaver, 23 Hun, 513; Neff v. Thompson, 8 Barb. 213; Galen v. Brown, 22 N. Y. 37–41; Wells, Repl. § 128.

Abraham Gruber, for respondent.

DALY, C. J. The plaintiffs seek by this action of replevin to take from the sheriff goods which the latter attached under process against Rothschild and others. The goods were attached in the Rothschild store, whither they had been sent by plaintiffs "on memorandum," and the question in this case is whether plaintiffs had the right to the immediate possession of the goods at the time of the seizure by the sheriff; for the Code prescribes that replevin may not be maintained for a chattel seized by virtue of a warrant of attachment against the property of a person other than the plaintiff if at the time of the seizure the plaintiff had not the right to reduce it into his possession. Code Civil Proc. § 1690, subd. 3. Taking the testimony on the part of the plaintiffs in the aspect most favorable to them, it appears that a clerk or buyer of the Rothschilds came to the plaintiffs to select goods to be sent to their store, to compare with other goods, and, if they found they could use them, they would buy them; and that, as plaintiff Bernard Klee swears, the Rothschilds were absolutely entitled to their possession and control until they were demanded. The goods were never demanded, except from the sheriff after he had attached them. It therefore appears from the plaintiffs' own testimony that the transactions between them and the Rothschilds gave the latter the right to possession at the time of the sheriff's seizure, for the plaintiffs could not retake the goods until they had made a demand of them, or their price, of the Rothschilds; and therefore, under the Code, they cannot have replevin. The legal results of the plaintiffs' own statement make it unnecessary to discuss the question whether there was not an actual sale by them to the Rothschilds of the property in question. Had the case turned upon the answer to that question, the evidence should have been submitted to the jury; but it matters not

what was the real transaction, for that which the plaintiffs proved vested the right of possession in the Rothschilds, and not in the plaintiffs, when the property was attached. None of the authorities cited by the plaintiffs as to the possession by bailees, trustees, agents, factors, and mortgagees sustain their contention that a demand was unnecessary before they could repossess themselves of the goods they had delivered to the Rothschilds, with the right, as their evidence shows, to absolute possession and control. If the Rothschilds were to be considered as bailees of the plaintiffs, their possession was not the possession of the latter, but was under a contract by which they had the right to retain the goods upon paying the price; and their right to possession continued until they had refused to pay the price or to return the goods upon demand.

The judgment should be affirmed, with costs. All concur.